Wachtler, J.
(dissenting). I would reverse, vacate the plea and remand the case for trial.
During the course of an otherwise diligent and commendable investigation of a taxicab holdup, the investigating officer, Patrolman Finnerty of the New York City Police Department, permitted the victim to identify the defendant under circumstances which were in effect suggestive in the extreme.
Finnerty himself candidly admitted that after arresting the defendant he called the cab driver, Ernest Bush — who most significantly had been unable to identify the defendant on the day of the robbery some five months earlier — and informed him that he had “ apprehended the second perpetrator of the stickup ” and that it was “ the same party that was brought into the station house on * * * the day the crime was committed Three weeks later when the taxi driver appeared *808 at the Criminal Court building to sign a complaint the officer repeated his earlier statement and obtained Bush’s signature an hour or more before affording the witness an opportunity to identify the defendant. The identification was not made until the witness, seated in the courtroom, heard the defendant’s case called and saw Patrolman Finnerty escort McCullers from the detention cell to bring him before the court.
This procedure could hardly have been more suggestive (see People v. Hanley, 27 N Y 2d 648; compare People v. Logan, 25 N Y 2d 184, 193-194) and was completely unnecessary under the circumstances since the defendant had been incarcerated and thus available for a lineup for over three weeks prior to the Criminal Court identification. Any identification of a suspect obtained in this manner is utterly unreliable and the practice cannot be encouraged or condoned — on this the entire court agrees.
We are divided solely on the issue as to whether the prosecutor has met his burden of proving by clear and convincing evidence that the identification he intended to introduce at the trial was based on a source completely independent of the suggestive Criminal Court identification (United States v. Wade, 388 U. S. 218; People v. Ballott, 20 N Y 2d 600). “ Application of this test * * * ” the United States Supreme Court has said, “ requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant’s actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which * * * are disclosed concerning the conduct of the lineup ” (United States v. Wade, supra, at p. 241).
There is no doubt that Bush had ample opportunity to form an independent recollection of the man who assisted Warley in the holdup. Normally the fact that the witness has had a substantial opportunity to observe the person who committed the crime is entitled to considerable weight for it can be assuméd that one will remember what he sees. If there is no reason to question the assumption, the witness’ opportunity alone may constitute sufficient evidence of an independent source to sat *809 isfy the People’s burden (People v. Brown, 20 N Y 2d 238; People v. Logan, supra: People v. Gonzalez, 27 N Y 2d 53, 57; People v. Carter, 30 N Y 2d 279). But when there is reason to believe that the witness ’ observations were not recorded or have since been forgotten his opportunity to observe may be entitled to little or no significance (People v. Gonzalez, supra, at p. 58). Then the People bear a heavier burden to show by other circumstances that the witness formed a firm image of the offender and that this recollection persists.
In my view this is one of those rare cases in which the witness’ opportunity to observe should not in itself be considered a sufficient basis to establish an independent source for the proffered in-court identification.
Although Bush admittedly had an exceptional opportunity to observe the two men who committed the robbery, he was unable toi identify the defendant within the station house less than an hour later during the period of time which is deemed to yield “ the most reliable identification of culprits ” (People v. Logan, supra, at p. 194). This is inexplicable in view of his readiness to make a station house identification of the other man, Larry Warley, at about the same time. It is also highly significant that the witness himself frankly admitted that the identification he finally made was not based entirely on his recollection of the I man he saw in the rear seat of his cab but rested, at least in part, on his observation of the defendant during the station house showup. 1
In short, despite the witness’ opportunity to observe, there is | nothing in the record to demonstrate that he did in fact form a firm recollection of the escaped robber. Fairly considered the People’s proof strongly suggests that if Bush formed any impression of the other man it was at best a faint image which slowly emerged and only fully developed in the light of police suggestion.
Under these circumstances the witness’ opportunity to observe should not have been given weight. Since the prosecutor relied solely on this factor he utterly failed to show as a matter of law by “ clear and convincing proof ”, that the proffered identification was based on a source independent of the suggestive Criminal Court identification.
Order affirmed, etc.